UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:06-CR-124 (JORDAN/SHIRLEY) |
| ANTONIO ANTWAIN YOUNG, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on November 20, 2006, for a motion hearing on Defendant's Motion For Substitution Of Counsel [Doc. 16], filed on November 11, 2006, by Attorney Steven Shope. Assistant United States Attorney Brownlow Marsh appeared on behalf of the government. Mr. Shope was present for Defendant, who was also present at the hearing.

Defendant moves [Doc. 16] the Court for an Order of Substitution of Counsel, stating that he had originally hired Attorney Tommy Hindman to represent him, but has now discharged Mr. Hindman and retained Steve Shope to represent him in this case. At the hearing, the Court questioned Defendant Young, who indicated that he wanted Mr. Shope to represent him rather than Mr. Hindman. Mr. Shope also represented to the Court that Mr. Hindman, who was unable to attend the hearing, had no objection to the substitution and had already turned over Defendant's file to him.

1

The government stated that it, likewise, had no objection to the substitution.

Accordingly, the Court **GRANTS** the Motion For Substitution Of Counsel [**Doc. 16**]. Mr. Hindman is allowed to withdraw from the case, and Mr. Shope is hereby **SUBSTITUTED** as Defendant Young's counsel of record.

Next, Defendant made an oral motion to continue the pretrial conference and December 6, 2006 trial. Counsel for Defendant, being newly retained, requested additional time within which to assess the need to file pretrial motions and prepare for trial. Mr. Shope also indicated that he had a professional conflict with the current trial date. Further, the government stated that it was still waiting on the results of a toxicology report from the TBI and expected to provide Defendant with that report within the next week. As such, the government stated that it had no objection to a continuance of the trial and pretrial conference dates.

The Court also questioned Defendant Young, who stated to the Court that he did not object to the request for a continuance of the trial and indicated that he wanted the Court to continue the trial of this matter. Defendant further stated that he understood he would remain in detention until the new trial date.

Based on the foregoing, the Court finds Defendant's oral motion to continue the trial and pretrial conference to be well taken and finds that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching December 6, 2006 trial date, the Court finds that the failure to grant a continuance would deprive Defendant Young of continuity of counsel and would also deprive Mr. Shope of adequate opportunity to receive and review discovery, and prepare the case for trial in light of counsel's representation regarding professional scheduling conflicts in early December, 2006. The Court finds that if the continuance were not granted a miscarriage of justice

would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** Defendant Young's oral motion to continue the trial and pretrial conference.

In light of these findings and its granting Defendant's oral motion, the Court set a new trial date of **February 12, 2007**. The Court further finds, and the parties agreed, that all the time between the November 20, 2006 hearing and the new trial date of February 12, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(8)(A)-(B). With regard to further scheduling, the parties are to appear before the undersigned for a pretrial conference on **January 8, 2007, at 1:30 p.m.** Defendant has until **December 21, 2006** to move for the Court's leave to file any pretrial motion and should file that particular motion contemporaneously with the motion for leave to file. Responses are due on or before **January 4, 2007**.

Accordingly, it is **ORDERED:**

(1) Defendant Young's Motion For Substitution of Counsel [**Doc. 16**] is **GRANTED**. Attorney Tommy Hindman is allowed to withdraw from the case and Attorney Steven Shope is hereby **SUBSTITUTED** as Defendant's counsel of record;

(2) Defendant Young's oral motion to continue the trial and pretrial conference is **GRANTED**;

(3) The trial of this matter is reset to commence on **February 12, 2007, at 9:00 a.m.,** before the Honorable R. Leon Jordan, United States District Judge;

(4) All time between the **November 20, 2006** hearing and the new trial date of **February 12, 2007**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(5) A pretrial conference is set for **January 8, 2007,**

3

**at 1:30 p.m.**, before the undersigned;

(6) Defendant has until **December 21, 2006** to move for the Court's leave to file any pretrial motion and should file that particular motion contemporaneously with the motion for leave to file; and

(7) Responses are due on or before **January 4, 2007**.

**IT IS SO ORDERED.**

        ENTER:

           s/ C. Clifford Shirley, Jr.
        United States Magistrate Judge